UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-270-CHL

ANGELA R. LIEBE,                                                                            **Plaintiff,**

**v.**

COMMISSIONER OF SOCIAL SECURITY,                                   **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Over one year ago, in May 2016, Angela R. Liebe ("Liebe") filed this lawsuit against the Commissioner. (DN 1.) Liebe has represented herself throughout the course of this action. On August 2, 2017, nearly one year ago, the Court ordered Liebe to file a memorandum of law and a fact and law summary setting forth her position. (DN 14 at 1.) The Court has granted Liebe numerous extensions to file a sufficient memorandum of law and fact and law summary. She has not done so. Accordingly, for the reasons set forth herein, the Court **dismisses this action with prejudice**.

**BACKGROUND**

Liebe initiated this lawsuit on May 10, 2016 (DN 1). Liebe challenges the Commissioner's denial of her application for disability insurance and supplemental security income benefits on behalf of her minor son. (*See* DN 18, 19.) On July 25, 2016, the Commissioner filed an answer to Liebe's complaint (DN 11) and the administrative record of her son's case (DN 12). On July 29, 2016, Liebe consented to United States Magistrate Judge jurisdiction over her case (DN 13). On August 2, 2016, the Court entered an order requiring Liebe to submit certain materials within sixty (60) days. The Court stated as follows:

> 1.      Within sixty (60) days after the filing of the answer and the
> administrative record [], the plaintiff must set forth his/her position

by an appropriate memorandum of law specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors that are alleged.   Any such motion/memorandum shall be accompanied by a Fact and Law Summary on [the] form supplied by the Court.   *Failure of the plaintiff to comply with this provision may constitute grounds for dismissing the complaint.*

[ . . . ]

3.      The memoranda of law submitted pursuant to Paragraphs [1 and 2] above shall cite the Court to the specific pages of the administrative record in support of the parties' relative positions.

[ . . . ]

5.      No extension of time for complying with the terms of this order shall be granted absent a showing of good cause.

(DN 14 at 1-2 (emphasis added).)

Sixty days after the Commissioner filed the administrative record was September 23, 2016.   Accordingly, the deadline for Liebe to file a memorandum of law and a fact and law summary was September 23, 2016.   Liebe did not file anything prior to that deadline.   On November 17, 2016, the Court ordered Liebe to "SHOW CAUSE as to why she did not file the required memorandum prior to the deadline imposed by the Court."   (DN 15 at 1.)   The Court ordered Liebe to comply with the terms of the Court's August 2, 2016 order (DN 14) by filing a memorandum of law and a fact and law summary no later than December 19, 2016.   (DN 15 at 1.)   On December 8, 2016, the November 17, 2016 order (DN 15) was returned to the Court as undeliverable at the address provided to the Court by Liebe and with no forwarding address. (*See* DN 16 (notation regarding mail returned as undeliverable).)

2

On December 28, 2016, the Court issued a second show cause order (DN 17). In that order, the Court noted that Liebe had still not filed the required memorandum of law or fact and law summary. (DN 17 at 1.) Further, the Court discussed *pro se* plaintiffs' obligations:

> *Pro se* plaintiffs must comply with court orders and deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A *pro se* plaintiff's failure to comply with court deadlines can lead to a dismissal of the complaint. *Id.* Moreover, all *pro se* litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk of Court and to the opposing party or its counsel. LR 5.2(e). Failure to notify the Clerk of Court of an address change may result in the dismissal of the litigant's case or other appropriate sanctions. *Id.*

(DN 17 at 1-2.) The Court concluded by ordering Liebe to show cause as to why she did not file the required memorandum of law and fact and law summary in compliance with the Court's order of August 2, 2016 (DN 14), and requiring her to comply with that order no later than January 27, 2017. (DN 17 at 2.)

The Court then received two short letters from Liebe regarding this action. One letter is undated (DN 18); the other is dated January 25, 2017 (DN 19). Both were filed in the electronic docket of this case on January 26, 2017. In the undated letter (DN 18), Liebe stated that her current residence was a homeless shelter on Preston Highway in Louisville, Kentucky. She stated that she previously lived at the shelter from March to July 2016, but that she then moved to a more permanent home. (*Id.*) She did receive mail at the second home during the time she resided there, but because the home was officially a business address, her mail was not forwarded after she moved. (*Id.*) Liebe apologized for any inconvenience to the Court. (*Id.*) In the second letter (DN 19), Liebe provided some information regarding her son, Nickalas. She wrote as follows:

> My son Nickalas has been diagnosed with severe ADHD with behavioral issues. Nickalas is currently doing well while on medication. However, when the medication that Nickalas has taken wears off (at the end of the day 4pm) his behaviors are debilitating. The physicians have said that Nickalas will need to be on his current extremely high dose of his medication for the unforeseeable future. Nickalas exhibits symptoms of defiance, becomes outraged at small circumstances, and is unable to complete any task be it large or small when the medication is not active in his system. Nickalas has also been diagnosed with Type 1 Diabetes. My 10 year old son battles with controlling his sugar. This battle affects his mood and behaviors as well.

(*Id.*) Liebe closed by asking the Court to "please reconsider his eligibility for disability," and to "review all of his medical records thoroughly[.]" (*Id.*)

Upon reviewing Liebe's letters, the Court entered another order, dated February 10, 2017 (DN 20). In that order, the Court summarized its earlier orders (DN 15, 17) requiring Liebe to show cause as to why her case should not be dismissed, as well as her two letters (DN 18, 19) to the Court. The Court reasoned that, "[w]hile Liebe's recent letters emphasize her position that the denial of her son's application for benefits was in error, she failed to comply with the Court's order[s.]" (DN 20 at 1-2.) In an effort to assist Liebe, the Court described a memorandum of law, stating that it is a "written explanation of the *specific parts* of the Commissioner's decision that the plaintiff believes were wrong," and stating that it "must also include a summary of the facts and law and include specific citations to the administrative record (DN 12), including identification of *which of the administrative law judge's enumerated findings* Liebe now disputes." (DN 20 at 2 (emphases added).) The Court concluded that "while Liebe has identified in general terms the source of her disagreement with the Commissioner's decision, she has not satisfied her obligation to set forth the basis for her case as described in the Court's August 2, 2016 order and [the February 10, 2017 order]." (*Id.*) The Court granted Liebe a

4

"limited period of additional time," until March 10, 2017, to file a memorandum of law and a fact and law summary.  (*Id.*)  The Court again cautioned that failure to do so could result in dismissal of the complaint, and directed the Clerk of Court to send Liebe a copy of the *pro se* non-prisoner handbook.  (*Id.* at 2-3.)

Finally, on March 24, 2017 the Court entered yet another order (DN 21).  The Court noted that Liebe failed to file anything following entry of the February 10, 2017 order (DN 20). Reasoning that "*pro se* litigants are generally afforded some leniency on matters that require some legal sophistication," and that Liebe represented that during the pendency of this case, she and her son moved twice and resided in a homeless shelter during two periods of time, the Court granted Liebe "one more chance to submit a memorandum of law and fact and law summary." (DN 21 at 2.)  The Court closed by stating, "Liebe must understand that the Court cannot adequately assess her appeal without a more detailed argument as to why the Commissioner's decision was incorrect."  (*Id.*)  The Court gave Liebe a deadline of April 24, 2017 to file the required documents, and stated that failure to comply may result in dismissal of the complaint. (*Id.*)

To date, Liebe has not filed a memorandum of law or a fact and law summary.

## DISCUSSION

### A.  Legal Standard

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."  *Carpenter v. City of Flint*, 723 F.3d 700, 703 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) and *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).  In *Link*, the Supreme Court stated, "The authority of a federal trial court to

dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit has identified "four factors in assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. American Tel & Tel*, 176 F.3d 359 (6th Cir. 1999)) (additional citations omitted).

As the Court noted in a previous order, federal courts generally afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules. *Thomas v. Liles*, 2016 U.S. Dist. LEXIS 124755, *1 (W.D. Ky. Sept. 14, 2016). Nevertheless, "the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Id.* at *1-2 (citing *Jourdan*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Id.* at *2 (quoting *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (internal citation omitted)).

## B. Application to This Case

In this case, the Court concludes that Liebe's failure to file a memorandum of law and a

fact and law summary justifies dismissal of her lawsuit, with prejudice, for failure to comply with Court orders and failure to prosecute.  The Court will consider this case in light of the four factors identified by the Sixth Circuit.  First, it does not appear that Liebe's pattern of noncompliance with multiple Court orders has been due to willfulness, bad faith, or fault.  Second, the Court has no reason to suspect that the delays have prejudiced the Commissioner, as it has not filed anything in this case since July 25, 2016 and has not opposed any of the extensions of time that the Court has afforded to Liebe.  Accordingly, the first and second factors weigh against dismissal of Liebe's complaint.

With that said, the Court has repeatedly warned Liebe regarding the potential consequence -- dismissal -- if she failed to comply with Court orders.  (*See* DN 14, 15, 17, 20, 21.)  In spite of these warnings, Liebe has not complied with the Court's original order that she file a memorandum of law and a fact and law summary (DN 14), despite nearly one year having passed since that order was entered on August 2, 2016.  Finally, due in large part to the Court's recognition of the difficult circumstances of which Liebe has apprised the Court, both in terms of her living situation and her son's medical conditions, the Court has considered less drastic sanctions.  However, the Court finds that at this juncture, anything short of dismissal would be futile given the ongoing lack of action by Liebe.  Accordingly, the third and fourth factors weigh in favor of dismissal.

The Court has taken pains to be patient with Liebe.  The Court gave clear instructions in plain language in an effort to enable Liebe to understand what the Court was asking of her.  In particular, the Court described in detail the expected contents of a memorandum of law and fact and law summary.  Further, the Court communicated to Liebe that while she is a *pro se* plaintiff,

she bears the same responsibilities as any other litigant in this Court.  In spite of the Court's efforts and patience, Liebe has not complied with numerous orders, and the Court finds that it is left with no choice to dismiss her case, with prejudice, for failure to prosecute and failure to comply with orders of the Court.

### ORDER

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITH PREJUDICE.

cc:  Counsel of record
     Plaintiff, *pro se*

8